UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 2 5 2016
```

Kenneth Joseph, et al.,

        Plaintiffs,

–v–

Gnutti Carlo S.p.A., et al.,

        Defendants.

15-cv-8910 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    There are two requests for the issuance of letters rogatory pending before the Court in the above-captioned matter—one from Defendants Gnutti Carlo S.p.A. and Gnutti Carlo USA, Inc., and one from Plaintiffs Kenneth Joseph, KWD, Inc., and Bradonbay, Ltd.[1] Both parties seek discovery relating to documents and witnesses in the United Kingdom ("UK"). The evidence sought is allegedly relevant to Counts I and IV of Plaintiffs' complaint, which charge that Defendants wrongfully have attempted to recoup certain Value Added Tax ("VAT") payments made to HM Revenue & Customs ("HMRC"), the UK taxing authority. Compl. ¶¶ 67-72, 80-82. Specifically, Plaintiffs claim that they were entitled to seek a refund of those VAT payments (the "VAT Amount") from HMRC and that Defendants impermissibly participated in Plaintiffs' appeal of an HMRC ruling denying Plaintiffs their requested refund. *Id.* ¶¶ 26-37, 45-55.

    For the reasons that follow, both motions are GRANTED, subject to the conditions outlined below.

---

[1] Although Defendants have filed two motions for letters rogatory, *see* Dkt. Nos. 41, 51, they have indicated that their second request is a modification to the initial motion. Dkt. No. 51 at 1.

1

## I. LEGAL STANDARD

A court may issue letters rogatory to seek judicial assistance from a foreign court. *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 775 (S.D.N.Y. 2012). Such assistance may include taking evidence from a person within the foreign court's jurisdiction. *Id.* The Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (the "Hague Evidence Convention"), to which the United States and the UK are parties, outlines the contents that must be included in letters rogatory, including details about the nature of the lawsuit and the subject matter of any examination of foreign witnesses. *See* Hague Evidence Convention art. 3, *opened for signature* Mar. 18, 1970, 23 U.S.T. 2555. In deciding whether to issue letters rogatory in a particular case, "courts apply the discovery principles contained in [Federal Rule of Civil Procedure] 26." *Lantheus*, 841 F. Supp. 2d at 776. Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). While not "unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). "The burden of demonstrating relevance" falls on the party seeking discovery, but "[o]nce relevance has been shown, it is up to the responding party to justify curtailing discovery." *Id.*

## II. DISCUSSION

Turning first to Defendants' request, Defendants seek testimony from the following individuals: Richard Wild, a former director at BDO, LLP, an accounting firm that jointly represented the parties in working through their VAT dispute; Nick Crickmore, an individual at HMRC who is believed to have worked on the VAT dispute[2]; Gareth Carter, the former

---

[2] Defendants' proposed letters rogatory allow for the possibility that Defendants will seek testimony from another designee of HMRC, if such individual has knowledge relating to the parties' VAT dispute. Dkt. No. 51, Ex. 1 at 7-8.

managing director of Plaintiff Bradonbay; and Mark Nicholson, a solicitor who represented Bradonbay in connection with its claim to the VAT Amount, including for the appeal that is currently pending in the UK. Dkt. No. 51, Ex. 1 ("Defs. Proposed Letters") at 7-9. Defendants also seek the production of documents from HMRC and BDO, LLP. *Id.* at 10.

Plaintiffs consent to the issuance of letters rogatory with respect to all of the discovery outlined above, except Defendants' request to depose Nick Crickmore or other HMRC employees. Dkt. No. 46 ("Opp. Br.") at 1; *see also* Dkt. No. 51 at 1. Although Plaintiffs do not object to Defendants' seeking *documents* from HMRC, they argue that any oral testimony would be duplicative of information that "will be easily ascertained from the documents." Opp. Br. 2-3. This argument is meritless. As reflected in Defendants' proposed letters rogatory, Defendants seek testimony from HMRC employees concerning, *inter alia*, the nature of the VAT error that catalyzed the dispute between the parties here and communications between HMRC, Bradonbay, and BDO, LLP. Defs. Proposed Letters at 8. Defendants posit that some of these communications may not have been documented in writing. Dkt. No. 47 ("Reply Br.") at 3. This kind of information is plainly within the "extremely broad concept" of relevance embodied in Rule 26. *Chen-Oster*, 293 F.R.D. at 561. In particular, this testimony may shed light on HMRC's understanding as to why Plaintiffs are not entitled to the VAT Amount.

Plaintiffs claim that depositions of HMRC employees would be "unreasonably cumulative or duplicative" and would "needlessly increase the burden and expense of litigation." Opp. Br. 4 (quoting *Blagman v. Apple, Inc.*, No. 12-CV-5453 (ALC) (JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014)). But the *possibility* that depositions of HMRC employees would cover much of the same information contained in documents produced by HMRC does not make this discovery *unreasonably* cumulative. Nor is there reason to be concerned about needless burden or expense, given that both parties are undertaking discovery in the UK and any party may appear at UK depositions telephonically or through video-conference. Zumo Decl. ¶¶ 3, 4, Dkt. No. 47-1. Because testimony from Nick Crickmore (or another appropriate HMRC employee) falls within the ambit of Rule 26, and because the Court is satisfied that Defendants'

3

request otherwise complies with Rule 26 and with the Hague Evidence Convention, Defendants' motion for the issuance of letters rogatory is granted.

With respect to Plaintiffs' request, the only discovery Plaintiffs seek through their proposed letters rogatory is testimony from Andy Hancock, an accounting professional with the firm Moore Stephens. Dkt. No. 50, Ex. 1 ("Pls. Proposed Letters") at 9. Defendants do not oppose the request. Dkt. No. 51 at 1-2. The Court is satisfied that the request complies with Rule 26 and with the Hague Evidence Convention, and Plaintiffs' motion for the issuance of letters rogatory is therefore granted.

In light of the foregoing, the Court will issue letters rogatory on behalf of both sets of parties in this case. The Court notes, however, that the "Summary of Background Facts" sections contained in each of the proposed letters provide very different accounts of this litigation. *Compare* Pls. Proposed Letters at 4-7, *with* Defs. Proposed Letters at 4-5. The Court will not issue two letters rogatory, to the same foreign authority, that describe this case in such starkly different terms. Accordingly, the parties are ORDERED to re-submit their proposed letters, with mutually agreed upon language for the "Summary of Background Facts" section, as well as for the sections outlining Plaintiffs' position and Defendants' position, no later than July 29, 2016. Additionally, the parties are requested to proofread any proposed letters that they wish the Court to issue.[3]

## III. CONCLUSION

For the foregoing reasons, Defendants' and Plaintiffs' respective motions for the issuance of letters rogatory are GRANTED. This resolves Docket Nos. 41, 49, and 51.

SO ORDERED.

---

[3] This would be especially helpful in the case of Defendants' proposed letters. *See, e.g.*, Defs. Proposed Letters at 1 (contemplating three, rather than four, witnesses); *id.* at 2 ("fourth quarter of 2008"); *id.* at 6 ("VAT Amount barred would barred by"); *id.* ("District Court for the District of believes"); *id.* at 11 ("District Court for the District of Court Order 70"). The foregoing examples are not exhaustive.

4

Dated: July **25**, 2016
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

5