IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH JOSEPH, BRADONBAY, LTD., and KWD, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> GNUTTI CARLO S.p.A. and WH INDUSTRIES DELAWARE, INC., d/b/a GNUTTI CARLO USA, <br><br> Defendants. | Civil Action No. 15-cv-8910 <br><br><br> NAL JUDICIAL ASSISTANCE |

The United States District Court for the Southern District of New York presents its compliments to the Senior Master of the Court of Judicature, Queen's Bench Division and requests assistance in obtaining evidence to be used in a civil proceeding now pending before this Court.

The District Court requests that the Senior Master approve the Plaintiffs' nomination of a practicing Barrister or such other qualified person as the Court deems fit, to act as Examiner for the purpose of obtaining evidence for trial from one witness.

This request is made pursuant to, and in conformity with the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to which both the United States and the United Kingdom are a party.

The Court considers that the evidence sought is directly relevant to the issues in dispute and is not discovery within the meaning of Article 23 of the Hague Evidence Convention, that is, discovery intended to lead to relevant evidence for trial. It is expected, based on existing timetables, that the United States District Court for the Southern District of New York will schedule trial on or about the fourth quarter of 2016.

29211/2
07/29/2016 45398934.3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 0 8 2016

The particulars of this Hague Evidence Request are as follows:

1. Sender:

   Honorable Alison J. Nathan
   District Judge
   United States District Court
   for the Southern District of New York

2. **Central Authority of the Requested State**

   COMPETENT AUTHORITY FOR
   ENGLAND AND WALES
   Senior Master
   Queen's Bench Division
   ROYAL COURTS OF JUSTICE
   Strand
   London WC2A 2LL
   UNITED KINGDOM

   **On behalf of:**

   THE CENTRAL AUTHORITY FOR THE
   UNITED KINGDOM
   Her Majesty's Principal Secretary of State for
   Foreign Affairs
   FOREIGN AND COMMONWEALTH
   OFFICE
   King Charles Street
   London SW1A 2AH, England
   UNITED KINGDOM

3. **Person to whom the executed request is to be returned**

   Plaintiffs' Legal Representative in the UK:

   Mark Nicholson
   Nicholsons Solicitors
   23 Alexandra Road
   Lowestoft, Suffolk NR32 1PP
   Tel: 01502 532 324
   mnicholson@nicholsonslaw.com

   **On behalf of:**

   Honorable Alison J. Nathan
   District Judge
   United States District Court
   for the Southern District of New York

4. In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following requests:

| | | |
|---|---|---|
| 5a. | Requesting Judicial Authority: | Honorable Alison J. Nathan<br>District Judge<br>United States District Court<br>for the Southern District of New York |
| 5b. | To the competent authority of: | THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND |
| 6. | Names and addresses of the parties and their representatives: | |
| a. | Plaintiffs: | Bradonbay, Ltd., Kenneth Joseph, and KWD, Inc.<br><br>**Represented in the US by:**<br><br>Robert J. Kipnees<br>Lowenstein Sandler LLP<br>1251 Avenue of the Americas<br>New York, New York 10020<br><br>**Represented in England by:**<br><br>Mark Nicholson<br>Nicholsons Solicitors<br>23 Alexandra Road<br>Lowestoft, Suffolk NR32 1PP<br>Tel: 01502 532 324<br>mnicholson@nicholsonslaw.com |
| b. | Defendants: | Gnutti Carlo S.p.A and Gnutti Carlo USA, Inc.<br><br>**Represented in the US by:**<br><br>John E. Zummo<br>Howard & Howard Attorneys PLLC<br>200 S. Michigan Avenue<br>Chicago, IL 60604<br>Tel: (312) 456-3425<br>jzummo@howardandhoward.com<br><br>Bonnie Lynn Chmil<br>Katten Muchin Rosenman LLP<br>575 Madison Avenue<br>New York, NY 10022<br>Tel: (212) 940-8800<br>bonnie.chmil@kattenlaw.com |

Represented in England by:

Steven Loble, Esq.
W Legal Limited
47 Red Lion Street
London
WC IR 4PF
Ref. SFL/

7.  Nature and purpose of the proceedings and summary of the facts:

   a.  **SUMMARY OF BACKGROUND FACTS**

   This case arises out of a Stock Purchase Agreement dated December 11, 2012 (the "SPA"), pursuant to which defendant Gnutti Carlo, S.p.A ("Gnutti") purchased non-party WH Industries, Inc. ("WHI") from plaintiffs Kenneth Joseph and KWD, Inc. for $30,500,000, plus or minus any working capital adjustments. After the sale, WHI became Gnutti Carlo USA, Inc. ("Gnutti USA"). Following the closing of the SPA, the parties to the SPA negotiated post-closing working capital adjustments to the sale price. At the conclusion of the negotiations, the parties executed a Settlement Agreement and Release, dated October 23, 2013 (the "Settlement Agreement").

   Prior to the SPA, Bradonbay, LTD ("Bradonbay"), a United Kingdom company owned by plaintiffs Kenneth Joseph and KWD, Inc., provided assembly services to WHI in the UK. From January 1, 2010 to January 31, 2013, Bradonbay mistakenly charged WHI output value added tax (VAT) on those services and remitted that VAT to HM Revenue & Customs ("HMRC"). WHI then reclaimed the tax it paid to Bradonbay from HMRC as input VAT (the "UK VAT Error"). The parties discovered the error in or about April 2013. The total amount of the error was (at that time) £507,754 (the "UK VAT Amount"). On July 16, 2013, through BDO, LLP ("BDO"), the parties jointly proposed to HMRC that the error should be resolved

through internal adjustments to the parties' VAT accounts, as opposed to the normal mechanism which required Bradonbay to submit a claim to HMRC for repayment of the UK VAT Amount and to refund that amount to Gnutti USA (as the successor to WHI), who would then be required to return the UK VAT Amount back to HMRC (the "Joint Proposal").

On October 28, 2013, after the Settlement Agreement was executed, Bradonbay withdrew from the Joint Proposal and made a claim to HMRC to receive and retain a refund of the UK VAT Amount (i.e., without remitting the refund to Gnutti USA for repayment to HMRC). Bradonbay asserted that it could retain the refund of the UK VAT Amount because the UK VAT Amount was included in the post-closing adjustments addressed in the Settlement Agreement and therefore Gnutti USA had released any claim relating to the UK VAT Amount. Gnutti USA opposed Bradonbay's claim to receive and retain the UK VAT Amount to the extent that Gnutti USA would remain obligated to refund a corresponding amount to HMRC. On July 1, 2014, HMRC denied Bradonbay's claim. On July 17, 2014, Bradonbay initiated an appeal of HMRC's decision to the First Tier Tribunal (Tax Chamber) in the UK (the "UK Appeal"). On December 12, 2014, HMRC applied to have Gnutti USA added as a Second Respondent in the UK Appeal. Bradonbay opposed the application. Gnutti USA did not object to HMRC's application. On May 27, 2015, the Tribunal granted HMRC's application and Gnutti USA was joined as a Second Respondent to the UK Appeal. On October 15, 2015, as Second Respondent and pursuant to the directions of the Tribunal, Gnutti USA filed a Statement of Position in the UK Appeal.

On November 15, 2015, Plaintiffs commenced this action, alleging that Defendants breached the Settlement Agreement by trying to orchestrate the return to them and/or

interfering with Bradonbay's collection of the UK VAT Amount. The parties' respective positions are set forth below.

### b. PLAINTIFFS' POSITION

Defendants, sophisticated business entities represented by counsel, knowingly and voluntarily entered into a Settlement Agreement with Plaintiffs after months of extensive and intensive negotiations. The terms of the Settlement Agreement are unambiguous and expansive. The Settlement Agreement encompasses all claims that "exist by reason of, in relation to, pursuant to or in connection with" a post-closing working capital adjustment—*i.e.*, Working Capital Items—and thus constitutes a complete bar to those claims. Although Defendants contend that the Settlement Agreement excluded the UK VAT Amount, Defendants were aware of, *inter alia*, the UK VAT Amount well before they entered the Settlement Agreement, independently investigated the UK VAT Amount, and negotiated and executed a complete release of their right to the UK VAT Amount. Defendants' continued efforts to prevent Bradonbay from recouping the UK VAT Amount constitute a breach of the Settlement Agreement and a breach of the implied covenant of good faith and fair dealing.

### c. DEFENDANTS' POSITION

This litigation centers entirely on Plaintiffs' efforts to claim and retain the UK VAT Amount. As noted above, the UK VAT Amount results from technical error by plaintiff Bradonbay—incorrectly charging VAT on services to WHI. Importantly, the error did not cause a loss to any party or HMRC, and neither party owes HMRC any taxes or is entitled to a refund of any taxes. Rather, as Bradonbay acknowledged in the Joint Proposal (and its papers in the UK Appeal), the incorrectly charged VAT went around in a circle and back to WHI, leaving the parties and HMRC in the same position each would have been had the error not occurred.

-6-

Nonetheless, as noted by Bradonbay in the Joint Proposal, the statutory mechanism to correct the error mandates that Bradonbay either:

(a) "submit[] a claim for repayment of VAT …[and] … upon receipt of the repayment from HMRC, to refund the whole amount to GC [Gnutti USA, as the successor to WHI] by virtue of the reimbursement arrangements in Regulations 43A to 43G of the VAT Act of 1994 [,who] would then be obliged to adjust its input claim [pay that same amount back to HMRC], meaning that the funds would ultimately end up back in HMRC's hands"; or

(b) "issue a 'VAT-only' credit note to GC [, which] would result in Bradonbay … having to refund that amount prior to obtaining the effect of [the] credit note through its VAT return."

As Bradonbay represented to HMRC, however, it did "not have the banking facilities or finances to fund such a significant payment to GC" and the statutory solution was not possible. Accordingly, Bradonbay suggested and implemented the Joint Proposal to HMRC.

Nonetheless, after the Settlement Agreement was executed, Bradonbay withdrew from the Joint Proposal and made a claim to HMRC to receive and retain the UK VAT Amount. Significantly, if Bradonbay received but retained a refund of the UK VAT Amount, Gnutti USA would still be obligated to pay that same amount back to HMRC. Thus, Bradonbay would receive approximately £500,000 (that was not owed to Bradonbay by HMRC or Gnutti USA) funded by Gnutti USA. Such a claim and unjust result is not permitted under the VAT Act of 1994 ("VATA"). Accordingly, Bradonbay based its claim on the Settlement Agreement, asserting that the agreement included adjustments for the UK VAT Amount and thus Mr. Joseph and KWD (Bradonbay was not a party to the agreement) had already provided consideration to Gnutti USA in exchange for, among other things, the UK VAT Amount.

HMRC denied Bradonbay's claim and rejected Bradonbay's assertion that the Settlement Agreement included adjustments for the UK VAT Amount and/or altered the statutory reimbursement arrangements of the VATA. In the midst of prosecuting the UK Appeal (of HMRC's decision), Plaintiffs initiated this action in which they re-cast Bradonbay's claim to the UK VAT amount in the UK as a breach of the Settlement Agreement by Defendants. In this litigation, Plaintiffs' theory shifted to address the fact that the agreement does not include any adjustments for the UK VAT Amount. Specifically, Plaintiffs concede that the Settlement Agreement does not reference the UK VAT Amount but argue that the release therein "encompassed" all claims relating to all VAT. Therefore, Plaintiffs assert that the release permits them to affirmatively pursue a claim to the UK VAT Amount while barring Defendants from contesting or defending that claim. Plaintiffs then allege that Defendants breached the Settlement Agreement through their interactions with HMRC and participation in the UK Appeal by "trying to orchestrate the return to them and/or interfering with Plaintiffs' collection of the UK VAT Amount." The relief sought is identical to the claim in the UK—the UK VAT Amount and/or an order declaring Bradonbay is entitled to the same.

Plaintiffs' claim fails for any one of the following reasons. First, the Settlement Agreement unquestionably does not encompass the UK VAT Amount. Second, even if all VAT was a working capital item that was subject to the release, the mutual release in the agreement (i.e., barring any claim relating to VAT) cannot be used as a platform for one releasor (Plaintiffs) to make that very claim while simultaneously barring the other releasor (Defendants) from defending that claim. Accepting Plaintiffs' argument that the release bars all claims to VAT, then Plaintiffs' own claim to the UK VAT Amount (including the claims in this litigation) are barred by the release. Finally, Defendants have not made and cannot (under UK law) make any

claim to the UK VAT Amount that could constitute a breach of the release in the Settlement Agreement.

### d. STAGE OF THE UK PROCEEDINGS

After the instant litigation was initiated, Bradonbay applied to the Tribunal to stay the appeal proceedings pending resolution of the VAT-related claims in this Court. HMRC and Defendants consented to the stay.

### e. STAGE OF THE US PROCEEDINGS

This action was commenced by the filing of a Complaint by Plaintiffs on November 15, 2015. Pursuant to this Court's Order, all fact discovery must be completed on or before September 15, 2016. Written discovery commenced on March 31, 2016, and fact witness depositions will proceed until September 15, 2016. Based upon current timetables, trial is expected to take place in the fourth quarter of 2016.

### f. THE UK WITNESSES AND DOCUMENTS

The parties have disclosed a number of witnesses located in the United Kingdom who possess information and/or documents relevant to the claims in this matter. Notably, the limited information and documents sought herein cannot be obtained completely from other sources. Indeed, virtually all of the occurrences underlying the UK VAT-related claims and defenses occurred in the UK. The witnesses to those occurrences are located in the UK.

The agreement of the below-mentioned witness to give evidence in this matter has been sought. It is believed that Andy Hancock and Moore Stephens will likely give evidence only pursuant to a formal Request in conformity with The Hague Evidence Convention.

For the reasons set forth herein, the United States District Court for the Southern District of New York believes that the witness (whose contact details are given below) will be

able to provide evidence directly relevant to the main issues between the parties and without which the ends of justice could not be properly met. The United States District Court for the Southern District of New York believes that this evidence is not available from any other source.

i. **List of Subjects for Oral Examination**

The United States District Court for the Southern District of New York requests that the following individuals be ordered to attend for examination to give evidence about the following matters.

    1.    Andy Hancock
           Moore Stephens
           Rutland House, Minerva Business Park
           Lynch Wood, Peterborough
           Cambridgeshire PE2 6PZ
           United Kingdom
           +44(0) 1733 397300

Mr. Hancock is the Managing Partner of Moore Stephens. The subject of Mr. Hancock's testimony will be:

    a)    the UK VAT Amount and impact of the error on Bradonbay's and Gnutti USA's UK VAT positions;

    b)    communications with HMRC regarding the Joint Proposal;

    c)    the negotiation of the Settlement Agreement and the post-closing adjustments addressed therein; and

    d)    Authentication of documents if necessary

| | | |
|---|---|---|
| 8. | **Evidence to be obtained:** | Plaintiffs seek testimony and documents from the entities and individuals listed above in Section 7f. |
| 9. | **Identity and address of persons to be examined:** | Please see list of witnesses itemized above. |
| 10. | **Subject matter about which the witnesses will be examined:** | Please see list of subjects itemized above. |

| | | |
|---|---|---|
| 11. | Documents or other property to be inspected: | Please see list of documents itemized above. |
| 12. | Any requirement that the evidence be given on oath or affirmation and any specific form to be used: | None. |
| 13. | Special methods or procedures to be followed: | |

The United States District Court for the Southern District of New York respectfully requests assistance in appointing an English Examiner for the purpose of compelling oral testimony for use at trial from English witnesses. The United States District Court for the Southern District of New York further requests that Plaintiffs' counsel, Mark Nicholson, a solicitor with the Lowestoft, Suffolk firm of Nicholsons Solicitors, arrange for the nomination of an Examiner in this matter. This Request is made pursuant to, and in conformity with, Article 18 of The Hague Evidence Convention of March 18, 1970; the Evidence (Proceedings in Other Jurisdictions) Act 1975, Local Civil Rules 26.3-26.5 for the United States District Court for the Southern District of New York, and Rule 34 of the Federal Rules of Civil Procedure.

The United States District Court for the Southern District of New York further requests that the parties' representatives or their designees, a court reporter and a videographer be permitted to be present during the examination; that the representatives or designees be permitted to examine and cross-examine the witnesses directly; and that a court reporter and a videographer be permitted to make a verbatim record of the proceedings.

| | | |
|---|---|---|
| 14. | Request for notification of the times and place for the execution of the Request and identity of the person to be notified: | It is requested that testimony be taken at such place, date or time as ordered by the Senior Master and/or as otherwise scheduled by the representatives of the Plaintiffs and/or as otherwise agreed to by the witnesses and the respective representatives of the Parties. |

Notice thereof should be made to Plaintiffs'

|  |  |  |
|---|---|---|
|  |  | UK designee:<br><br>Mark Nicholson<br>Nicholsons Solicitors<br>23 Alexandra Road<br>Lowestoft, Suffolk NR32 1PP<br>Tel: 01502 532 324<br>mnicholson@nicholsonslaw.com |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request: | None. |
| 16. | Specification of privilege or duty to refuse to give evidence under the laws of the State of origin: | Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses the contents of a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice.<br><br>Parties also enjoy limited privileges on other grounds not relevant here such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.<br><br>US law also recognizes a privilege against criminal self-incrimination.<br><br>Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created as the work product of attorneys during or in anticipation of litigation. |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Plaintiffs. |  |
| 18. | Date of Request | *August 6*, 2016 |

| | |
|---|---|
| 19. **Signature and seal of the Requesting Authority:** | *[signature]* <br> Honorable Judge <br> UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK |

This Court expresses its appreciation to you for your courtesy and assistance in this matter and states that, pursuant to the authority of 28 U.S.C. § 1782, it stands ready and willing to do the same for you in a similar matter when required.

Attachments